Francis J. "Casey" Flynn, Jr.
Law Office of Francis J. Flynn, Jr.
CA State Bar No. 304712
6220 W 3rd St # 115
Los Angeles, CA 90036
Email: francisflynn@gmail.com

**ATTORNEY FOR PLAINTIFF**
**AND THE PROPOSED CLASS**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DANIEL J. KOLODZIEJ,** individually and on behalf of all others similarly situated,<br><br>            **Plaintiff**<br><br>          v.<br><br>**SAMSUNG ELECTRONICS AMERICA, INC.**<br><br><br><br>         **Defendant** |    **CASE NO. 5:18-cv-00768-BLF**_____<br><br>   <ins>**JURY TRIAL DEMANDED**</ins><br><br>   **CLASS ACTION**<br><br>**PLAINTIFF'S CLASS ACTION COMPLAINT FOR:**<br><br>**(1) Violation of California Consumers Legal Remedies Act, Civil Code §1750, *et seq.*;**<br>**(2) Unfair Competition Law, Bus. & Prof. Code §17200, *et seq.***<br>**(3) Violations of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.***<br>**(4) Fraud** |

## <ins>PLAINTIFF'S CLASS ACTION COMPLAINT</ins>

COMES NOW, Plaintiff Daniel J. Kolodziej ("Plaintiff"), individually and

on behalf of all other similarly situated, by and through Plaintiff's undersigned

113936v1

counsel, and brings this action against SAMSUNG ELECTRONICS AMERICA, INC. (hereinafter "Samsung" or "Defendant"), alleging, upon personal knowledge as to Plaintiff's individual actions and upon information and belief and/or counsel's investigation as to all other matters, the following:

## NATURE OF THE ACTION

1.     This is a consumer protection class action arising out of the purchase of the Samsung Galaxy S7 designed, marketed, and sold by Defendant, including, but not limited to the following models: Samsung Galaxy S7, S7 Edge, and S7 Active (collectively, the "Galaxy S7" or "Product").

2.     Galaxy S7's are Android smartphones manufactured and marketed by Samsung Electronics. The Galaxy S7 series serves as the successor to the Galaxy S6, S6 Edge and S6 Edge+ released in 2015. The phones were officially unveiled on 21 February 2016, during a Samsung press conference at Mobile World Congress, with a European and North American release on March 11, 2016.

3.     Galaxy S7 Phones were released in early 2016 with the tagline: "The earth is made up of mostly water. We're made up of mostly water. We need water to survive. So we made a water-resistant phone."

4.     Samsung advertised and represented Galaxy S7's waterproof quality:

**Because Water Happens**

Bring on the spills, splashes and dunks. Now you won't need to put your

phone in a bowl of rice because of a little water.[1]

5.     Samsung represents that the Galaxy S7 and S7 Edge phones are IP68-certified for water and dust resistance and that the Galaxy S7 and S7 Edge phones are Water Resistant "in up to 5 feet of water for up to 30 minutes."[2]

6.     Samsung's representations induced Plaintiff and Class Members to purchase Samsung's purportedly water-resistant phones. Had Plaintiff and these consumers known that Samsung's representations of water resistance were not accurate, they would not have purchased a Galaxy S7 phone, or they would have paid significantly less for the Galaxy S7.

7.     Confronted with customer complaints that the Galaxy S7 Phones are not water resistant, Defendant has systematically denied this fact. Defendant encouraged Plaintiff and Class Members to use the Galaxy S7 Phones in the water, knowing that it would damage these phones.

8.     Plaintiff brings claims individually and on behalf of a class of all other similarly situated purchasers of the defective Product against Defendant for violations of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et seq., violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. ("UCL"), Violations of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, et seq., and fraud.

---

[1]  See, https://www.Samsung.com/us/mobile/phones/galaxy-s/Samsung-galaxy-s7-32gb-at-t-black-onyx-sm-g930azkaatt/, last visited 1/1/2018.

[2]  *See*, Samsung, https://www.Samsung.com/us/support/answer/ANS00047867/, last visited 1/1/2018.

9. Plaintiff seeks an order requiring Defendant to, among other things: (1) cease the unlawful material representations and omissions regarding the water resistance of the Galaxy S7 Phones; (2) conduct a corrective advertising campaign to alert the public of the defect; (3) pay damages and restitution to Plaintiff and Class members; and (4) reimburse Plaintiffs and Class members for the loss of use and value of the Galaxy S7.

## PARTIES

10. Plaintiff Daniel J. Kolodziej ("Plaintiff") is an individual citizen of the state of California, residing in the County of Los Angeles.

11. Defendant Samsung Electronics America, Inc. is a corporation organized under the laws of the State of New Jersey. Its principal place of business is in Ridgefield Park, New Jersey. Samsung Electronics distributed and/or sold consumer electronic devices, including the Galaxy S7 smartphone, in this judicial District and throughout the state of California. Samsung is a wholly-owned subsidiary of Samsung Electronics Co., Ltd., a subsidiary of Samsung Group, which is a Korean multinational corporation headquartered in Suwon, South Korea.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C.§ 1332 as amended by the Class Action Fairness Act of 2005 because:

(a) the number of members of the proposed plaintiff class is greater than

100;

(b)     at least one Plaintiff and Defendant are citizens of different states; and

(c)     the aggregated claims of the individual Class members exceed $5,000,000.00, exclusive of interest and costs.

13.     This Court has personal jurisdiction over Plaintiff because Plaintiff resides in California and submits to the Court's jurisdiction in this case.

14.     This Court has personal jurisdiction over Defendant because Defendant, personally or through an agent, engaged in one or more of the following actions: (a) operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state and has sufficient minimum contacts with California, including: Samsung Media Solutions Center America, a division of Samsung Electronics America, Inc., is based out of Mountain View, California;[3] (b) committing a tortious act within this state; (c) causing injury to persons or property within this state arising out of an act or omission by the Defendant outside this state, if, at or about the time of the injury, the defendant was engaged in solicitation or service activities within this state; or products, materials, or things processed, serviced, or manufactured by the defendant

---

[3] See Samsung, U.S. Divisions, available at: http://www.Samsung.com/us/aboutSamsung/Samsung_electronics/us_divisions/; http://www.Samsung.com/ContactUs/ElectronicsAmerica/index.htm; http://www.Samsung.com/ContactUs/InformationSystemsAmerica/index.htm; *see also* Gannes, Liz, "Samsung Confirms Four New Bay Area Offices," Allthingsd.com (Dec. 3, 2017) available at: http://anthingsd.com/20121229/SAMSUNG-confirms-four-new-bay-area-offices/; "Samsung Electronics Announces New Silicon Valley R&D Center," BusinessWire.com (Dec. 3, 2017) available at: http://www.businesswire.com/news/home/20120919005456/en/Samsung-Electronics-Announces-Silicon-Valley-Center.

PLAINTIFF'S CLASS ACTION
COMPLAINT

anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use. Defendant, who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

15.     This Court has personal jurisdiction over Samsung as well because Samsung Strategy and Innovation Center, a global organization within Samsung's Device Solutions division, is headquartered in Menlo Park, California; Samsung Information Systems America is headquartered in San Jose, California; Samsung Semiconductor, Inc. is headquartered in San Jose, California; and, Samsung Open Innovation Center is located in Palo Alto, California.[4]

16.     Venue is proper in this Court under 28 U.S.C. § 1391 because Samsung innovates, researches, develops, improves, and markets a substantial amount of phones in this District. Samsung "has been a presence in Silicon Valley for more than two decades."[5] Samsung's Media Solutions Center (a.k.a. Research and Development Center)[6], which is located in this District, "delivers innovative, connected experiences across Samsung's *mobile* and digital ecosystem that enhance the experience of owning a Samsung product,"[7] is "[c]omprised of two six-story

---

[4] *Ibid.*
[5] "Samsung Electronics Announces New Silicon Valley R&D Center," BusinessWire.com (Sept. 19, 2012 at 9:00 AM) available at: http://www.businesswire.com/news/home/20120919005456/en/Samsung-Electronics-Announces-Sihcon- Valley-Center.
[6] See *Ibid.*
[7] See Samsung, U.S. Divisions, available at:

*Footnote continued on next page*

LEED Platinum designed office buildings totaling nearly 385,000 square feet, and two parking structures," and "serves as an epicenter of innovation and is home to some of the world's top talent," including "more than 250 doctorate recipients from some of the best schools around the globe."[8] According to a Samsung press release, the "great successes" of the labs housed at the Media Solutions Center "benefit Samsung's vast portfolio of mobile, visual display, home appliance, wearable and audio and stereo products."[9] Samsung also maintains and operates a Strategy and Innovation headquarters "within Samsung's Device Solutions division, with the core missions of open innovation in collaboration with entrepreneurs and strategic partners," within this District. Not to mention, Samsung's Information Systems America and Semiconductor divisions are headquartered in this District, along with an Open Innovation Center.[10] Therefore, a substantial part of the events and/or omissions alleged in this complaint, giving rise to Plaintiffs' claims, occurred in, emanated from, and/or were directed from this District. Venue is also proper because Samsung is subject to this District's personal jurisdiction with respect to this action.

## COMMON ALLEGATIONS OF FACT

*Footnote continued from previous page*
http://www.Samsung.com/us/aboutSamsung/Samsung_electronics /us_divisions/.
[8] "Research at the Core of SAMSUNG Research America's New Mountain View Campus," SAMSUNG Newsroom (Sept. 1, 2015) available at: https://news.SAMSUNG.com/global/research-at-the-core-of-SAMSUNG-research-americas-new-mountain-view-campus.
[9] *Ibid.*
[10]     See SAMSUNG, U.S. Divisions, available at:
http://www.SAMSUNG.com/us/aboutSAMSUNG/SAMSUNG electronics /us divisions/.

PLAINTIFF'S CLASS ACTION
COMPLAINT

17.     Samsung Telecommunications and Samsung are part of the multinational Samsung Group conglomerate, which is headquartered in Seoul, South Korea. The Samsung Group has subsidiaries across widely varied industries, including shipbuilding, construction, insurance, and aerospace as well as consumer electronics.   Samsung Electronics Co. Ltd., the parent of Defendant Samsung Electronics, is currently the largest manufacturer (by revenue) of mobile phones in the world.

18.     Samsung engaged in a nationwide campaign where it advertised that its Galaxy S7 Phones Are Water Resistant:

**Because Water Happens**

> Bring on the spills, splashes and dunks. Now you won't need to put
> your phone in a bowl of rice because of a little water.[11]

19.     In a national commercial, Samsung used the celebrity Dwayne Michael Carter, Jr., known professionally as Lil Wayne, (best known for, *Tha Block Is Hot, Lights Out, and 500 Degreez*), pouring champagne on a Galaxy S7 phone to demonstrate its water-resistant quality. After answering the phone, he proceeded to submerge the Galaxy S7 phone in a fish tank while the phone was still on.  After taking the phone out of the fish tank, he was still able to talk to his friend on the phone.[12]

20.     Indeed, Samsung advertised and represents that the Galaxy S7 is Water

---

[11]  https://www.Samsung.com/us/mobile/phones/galaxy-s/Samsung-galaxy-s7-32gb-at-t-black-onyx-sm-g930azkaatt/ last visited 1/1/2018.

[12]     https://www.youtube.com/watch?v=g8XtahRoLYg, last visited December 3, 2017)

Resistant "in up to 5 feet of water for up to 30 minutes."

21.     In Samsung's Frequently Asked Questions, "Is My Galaxy S7 Dust and Water Resistant?" Samsung states:

> With Samsung's most resilient mobile device yet, you can run in the rain and play in the mud, spill on it, splash it, dunk it, then wipe it off and keep going. The IP68 dust- and water-resistance Ingress Protection rating means your device is completely protected against dust, **and it is water-resistant in up to 5 feet of water for up to 30 minutes**. Your device has also passed military specification (MIL-STD- 8106) testing against a subset of 20 specific environmental conditions, including temperature, dust and sand, shock and vibration, low pressure, and high altitude.[13]

22.     Because of the advertisements and representations that Galaxy S7 is Water Resistant, Plaintiff purchased a Samsung Galaxy S7 smartphone through Verizon, in part because he wanted a water resistant smart phone that can be used around the pool and can be used to take pictures in the pool. Plaintiff purchased the phone for personal use.

23.     Samsung has installed a moisture-detecting sticker in the Galaxy S7 phone.  These stickers are located near points of entry on the phone's enclosure at places where liquid or moisture is most likely to breach the phone's gaskets and seals. These stickers allow Samsung to determine if any liquid or moisture has entered the phone. The stickers appear white unless they are exposed to liquid or moisture, but if the stickers are exposed to liquid or moisture, they turn a pink

---

[13] https://www.Samsung.com/us/support/answer/ANS00047867/, last visited 1/1/2018).  (emphasis added).

color.

24.     Samsung's inclusion of these moisture-detecting stickers evidences the fact that the Galaxy S7 phone is not water resistant as represented. The moisture-detecting stickers do not contribute to the S7 Phone's functionality. Nor do the stickers provide any benefit to the user. Samsung inserts these stickers so that its technicians can identify at a glance whether the phone's internal components have come into contact with liquid or moisture.

25.     Furthermore, Samsung does not apply a water-repellent coating to the circuit board of the S7 Phone even though such technology is available. The lack of such a coating renders the circuit board vulnerable to short-circuiting and corrosion.

**Industry Testing**

26.     Industry testing that has been done on the Galaxy S7 phones demonstrates that these phones are not water resistant.

27.     SquareTrade a gadget testing business, did testing on whether the Galaxy S7 was water resistant and found that "Samsung Galaxy S7 and S7 Edge not quite waterproof, [...] tests reveal."[14]

28.     In the test done by SquareTrade, all four superphones were submerged in 5 feet (1.5 m) of water for 30 minutes. After performing the testing, SquareTrade concluded: "The Galaxy S7 and S7 Edge stand up to water better than the iPhone 6s

---

[14] https://www.cnet.com/news/Samsung-galaxy-s7-not-quite-waterproof-torture-tests-reveal, last visited, 1/1 2018).

and 6s Plus, but not without sustaining permanent damage."[15]

29.    Furthermore, Consumer Reports tested two Galaxy S7 Active units in a pressure vessel, simulating a depth of "just under 5 feet" for 30 minutes. The phones suffered water damage, particularly to the displays and power buttons.

30.    Samsung has been riddled by complaints because of the lack of water resistance for its Galaxy S7 phones.

31.    For example, the following complaints have appeared online:

WARNING:

The Samsung Galaxy S7 is not WATER RESISTANT!!!
After dropping it in shallow water and immediately retrieving it, DRYING IT OFF for 48 hours and placing it in rice for 24 additional hours, the phone continues to have problems!The speakers in the phone have become inaudible & I continue to receive an error message saying there is moisture in the USB port making charging my phone an impossibility.
Samsung's site state: "The phone is certified IP68, which means it's resistant up to 30 mins in the water at depths up to 5 feet."
THAT IS NOT THE CASE WHATSOEVER.[16]


Samsung Galaxy S7 Edge water resistance failure

I told them in store when I returned with the phone, that I deliberately did a water test in fairly shallow water (8" max) for no more than a couple of minutes; which the phone failed miserably.[17]

32.    Before Plaintiff purchased his Galaxy S7 phone, Plaintiff viewed advertisements which Samsung represented that the Galaxy S7 is water resistant.

---

[15] (*Id.*)

[16] https://it-it.facebook.com/SamsungMobileUSA/posts/10153536425141786 (last visited, 1/1/2018).
[17]    https://forums.androidcentral.com/Samsung-galaxy-s7-edge/715326-Samsung-galaxy-s7-edge-water-resistance-failure.html (last visited, 1/1/2018)

PLAINTIFF'S CLASS ACTION
                                                COMPLAINT

Plaintiff never saw any advertisements in which Samsung disclosed the material fact that the Galaxy S7 was not resistant to water less than 5 feet for 30 minutes.

## PLAINTIFF AND THE CLASS' INJURIES

33.    Plaintiff purchased the Galaxy S7 ("Subject Galaxy S7") on August 5, 2016 for $672.00 and has been paying $28.00 monthly installments since purchase. Plaintiff's Subject Galaxy S7 had never been damaged or replaced up until the events of June 23, 2017.

34.    Plaintiff's Subject Galaxy S7 was in a Ziploc bag.

35.    Plaintiff's Subject Galaxy S7 accidentally fell into a swimming pool.

36.    The Ziploc bag had a leak and Subject Galaxy S7 was exposed to water. The phone did not hit the bottom of the pool, but floated on the surface in the Ziploc bag until it was removed less than a minute after it was exposed to the water. At no point in time did the Subject Galaxy S7 go at or above five feet of water. The Subject Galaxy S7 was only in contact with water for less than a minute.

37.    Plaintiff's Subject Galaxy S7 was left damaged and unusable.

38.    Plaintiff contacted Samsung directly to resolve his concerns prior to filing suit, but Samsung refused to aid Plaintiff.

39.    Plaintiff used his Verizon/Asurion insurance plan and paid the deductible of $149.00 to replace his phone with a new Galaxy S7.

40.    Defendant (a) made material misrepresentations to Plaintiff and the Classes when it stated that the Galaxy S7 was water resistant when it was not and

(b) made material omissions to Plaintiff and the Classes when it failed to disclose that the Galaxy S7 was not water resistant.

41.     Plaintiff and the Class have suffered injury in fact and lost money as a result of Defendant's representations and omissions.

## CLASS ACTION ALLEGATIONS

42.     Plaintiff alleges and asserts the claims for relief herein on his own behalf, and further seeks certification of this case as a class action on behalf of similarly situated persons pursuant to Rule 23(b) of the Federal Rules of Civil Procedure.

43.     Specifically, Plaintiff requests certification on behalf of the following Classes of individuals:

44.     Nationwide Class:

All individuals in the United States who purchased a new Galaxy S7, Galaxy S7 Edge, or Galaxy S7 Active cellular phone.

California Class:  All individuals in California who purchased a new Galaxy S7, Galaxy S7 Edge, or Galaxy S7 Active cellular phone.

Excluded from the Classes are (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or Defendant's parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) Any governmental entities and any instrumentalities, subdivisions, agencies thereof; (4) any person who executes and files a timely request for exclusion from the Class; (5) any person who has had their claims in this matter finally adjudicated and/or otherwise released; (6) the legal representatives, successors and assigns of any such excluded person; (7) Counsel of record.

45.     The claims for relief asserted herein satisfy the prerequisites for certification as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3):

a. There are questions of law or fact common to the classes;

b. The claims or defenses of the representative parties are typical of the claims or defenses of the classes;

c. The representative party will fairly and adequately protect the interests of the classes;

d. The questions of law or fact common to members of the classes predominate over any questions affecting only individual members; and

e. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

46.     **Numerosity**. The members of the Classes are so numerous that joinder of all members would be impracticable.  The exact number of class members is unknown, however, likely numbers in the thousands, such that joinder of individual claims in a single action would be impracticable. The identity of those persons is within the knowledge of and can be ascertained by resorting to Defendant's records.

47.     **Commonality**.  Plaintiff's  and  class  members'  claims  raise predominantly common factual and legal questions that can be answered for all class plaintiffs through a single class-wide proceeding. For example, to resolve the

claims of any member of the classes, it will be necessary to answer the following factual and legal questions:

a.      Whether Samsung's advertising, marketing, and product packaging as to the water resistance of its Galaxy S7 phones were untrue, misleading, or reasonably likely to deceive;

b.      Whether Samsung knew its conduct and statements were false, untrue, misleading, or reasonably likely to deceive as to the water resistance of its Galaxy S7 phones;

c.      Whether Samsung's statements, conduct and/or omissions regarding water resistance of its Galaxy S7 phones were material;

d.      Whether Samsung made false representations concerning the water resistance of its Galaxy S7 phones with the intent to induce consumers to rely upon such representations;

e.      Whether Samsung's conduct violated the California Consumers Legal Remedies Act, Civil Code §1750, *et seq*.; and

f.      Whether Defendant's conduct constituted unlawful, unfair, and/or fraudulent business practices in violation of California's Unfair Competition Law (the "UCL"), Business & Professions Code §17200, et *seq.*.

g.      Whether Defendant's conduct constituted one or more violations of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*

h.      Whether Defendant engaged in fraud; and

i.      Whether Plaintiff and the Class were damaged.

48.     **Typicality**. Plaintiff's claims are typical of each member of the Classes claims because each arises from a common course of conduct by Samsung.

49.     **Adequacy**. Plaintiff will fairly and adequately protect the interests of the Classes.  Plaintiff's interests do not conflict with the interests of the classes, and Plaintiff has retained counsel experienced in complex class action litigation to vigorously prosecute this action on behalf of the class.

50.     **Predominance**. Common questions of law and fact predominate over any questions affecting only individual members of the classes and a class action is superior to individual litigation.

51.     **Superiority**. Under the facts and circumstances set forth above, class proceedings are superior to any other methods available for both fair and efficient adjudication of the rights of each member of the Classes, because joinder of individual members of the Classes is not practical and, if the same were practical, said members of the classes could not individually afford the litigation, such that an individual litigation would be inappropriately burdensome, not only to said citizens, but also the courts.

52.     To process individual cases would both increase the expenses and cause delay not only to members of the Classes, but also to Samsung and the Court.

53.     In contrast, a class action of this matter will avoid case management difficulties and provide multiple benefits to the litigating parties, including

efficiency, economy of scale, unitary adjudication with consistent results, and equal protection of the rights of each member of the Classes, all by way of the comprehensive and efficient supervision of the litigation by a single court.

54. Notice of the pendency of the action and of any result or resolution of the litigation can be provided to Class members by direct mail, the usual forms of publication, and/or such other methods of notice as deemed appropriate by the Court.

55. Without class certification, the prosecution of separate actions by individual members of the Class described above would create a risk of inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct for defendant, and/or adjudications with respect to the individual members of the Classes that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

56. Defendant has acted or refused to act on grounds that apply generally to the class and certification is therefore proper pursuant to Federal Rule of Civil Procedure 23(b)(2).

57. **Injunctive and Declaratory Relief**. Plaintiff also brings this class action under Fed. R. Civ. P. 23(b)(1) as a result of the Defendant's actions or omissions set forth herein, which actions are generally applicable to all class

members thereby making final injunctive relief or declaratory relief concerning the class as a whole appropriate.

58.        **Certification of Particular Issues.  Fed. R. Civ. P. 23(c)(4).** Issue certification is also appropriate because the following particular issues (among others) exist that may be brought or maintained as a class action:

a.        Whether Samsung's advertising, marketing, and product packaging as to the water resistance of its Galaxy S7 phones were untrue, misleading, or reasonably likely to deceive;

b.        Whether Samsung knew its conduct and statements were false, untrue, misleading, or reasonably likely to deceive as to the water resistance of its Galaxy S7 phones;

c.        Whether Samsung's statements, conduct and/or omissions regarding water resistance of its Galaxy S7 phones were material;

d.        Whether Samsung made false representations concerning the water resistance of its Galaxy S7 phones with the intent to induce consumers to rely upon such representations;

e.        Whether Samsung's conduct violated the California Consumers Legal Remedies Act, Civil Code §1750, *et seq*.; and

f.        Whether Defendant's conduct constituted unlawful, unfair, and/or fraudulent business practices in violation of California's Unfair Competition Law (the "UCL"), Business & Professions Code §17200, et *seq*.

g.     Whether Defendant's conduct constituted one or more violations of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq*.; and

h.     Whether Defendant engaged in fraud.

## FIRST CLAIM FOR RELIEF
### Violation of the
### California Consumers Legal Remedies Act, Civil Code §1750, et seq.
### (By Plaintiff and the California Class Against Samsung)

59.     Plaintiff re-alleges and incorporates by reference all paragraphs set forth above.

60.     Plaintiff brings this Count on behalf of the California Subclass.

61.     Plaintiff and the California Class are "consumers" as defined by the CLRA.

62.     The Galaxy S7 phones are "goods" within the meaning of the CLRA.

63.     Samsung is the "suppliers" and/or "sellers" within the meaning of the CLRA.

64.     Samsung violated Civil Code § 1770(a)(2) by misrepresenting the approval or certification of goods.

65.     Samsung violated Civil Code §1770(a)(5) by representing that the Galaxy S7 had characteristics, uses, and benefits that it did not have.

66.     Samsung violated Cal. Civ. Code § 1770(a)(7) by representing that goods are of a particular standard, quality, or grade, when they are of another.

67.     Samsung violated Civil Code §1770(a)(9) by advertising goods or

services with intent not to sell them as advertised.

68.    Samsung violated Cal. Civ. Code § 1770(a)(14) by representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

69.    Samsung violated Cal. Civ. Code § 1770(a)(16) by representing that goods have been supplied in accordance with a previous representation when they have not.

70.    Plaintiff and the Class relied on Samsung's misrepresentations and omissions in deciding whether to purchase the Galaxy S7.

71.    As a direct and proximate result of Samsung's conduct, Plaintiff and the Class were injured.

72.    Plaintiff served Defendant with a CLRA notification and demand letter via certified mail, return receipt requested. *See*, Exhibit A – Certified CLRA Letter and Return Receipt.  Defendant received the CLRA notification and demand letter on February 8, 2018.  See, Exhibit A – Certified CLRA Letter and Return Receipt.

73.     The notice letter sets forth the relevant facts, notifies each Defendant of its CLRA violations, and requests that Defendant promptly remedy those violations.

74.    Under the CLRA, a plaintiff may without prior notification file a complaint alleging violations of the CLRA that seeks injunctive relief only. Then, if the Defendant does not remedy the CLRA violations within 30 days of notification,

the plaintiff may amend her or his CLRA causes of action without leave of court to add claims for damages. Plaintiff, individually and on behalf of the class, hereby amends this complaint to add damages claims because Defendant has not remedied its violations as to Plaintiff and the Class Members within the statutory period.

75.     Pursuant to Cal. Civ. Code § 1782(a)(2), Plaintiff, on behalf of Plaintiff's self and the Class, demand judgment against Defendant under the CLRA for damages, as well as, injunctive and equitable relief to enjoin the practices described herein.

76.     Plaintiff, individually and as a member of the Class, has no adequate remedy at law for the future unlawful acts, methods, or practices as set forth above.

77.     Pursuant to § 1780(d) of the CLRA, attached hereto as Exhibit B is the affidavit showing that this action has been commenced in the proper forum.

78.     In bringing this action, Plaintiff has engaged the services of attorneys and has incurred reasonable legal fees and expenses in an amount to be proved at trial.

79.     Plaintiff is also entitled to recover Plaintiff's attorneys' fees, costs, and expenses.

80.     Plaintiff seeks damages and an order from this Court enjoining the conduct alleged herein.

**SECOND CLAIM FOR RELIEF**
**Unfair Competition Law, Bus. & Prof. Code §17200, et seq.**
**(By Plaintiff and the California Class Against Samsung)**

81.   Plaintiff incorporates and re-alleges all other paragraphs as if fully set forth herein.

82.   Plaintiff brings this Count on behalf of the California Subclass.

83.   The conduct of Samsung alleged herein constitutes unlawful and unfair business practices in violation of the UCL, Bus. & Prof. Code §17200, *et seq*., in that the violations of the CLRA also constitute unlawful, unfair, and/or fraudulent business practices under the UCL.

84.   Specifically, Defendant has violated the UCL by engaging in the following unlawful, unfair, and/or fraudulent business practices:

a.    Making material omissions and misrepresentations regarding the water resistance of the Galaxy S7;

b.    Violating the California Legal Remedies Act, California Civil Code § 1750, *et seq.* (the "CLRA");

c.    Violating the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, et seq.); and

d.    Violating Section 5 of the FTC; and/or

85.   Samsung's material omissions and/or misrepresentations were made with the actual knowledge of Defendant.

86.   Defendant intended for Plaintiff to rely upon the material omissions and/or misrepresentations to induce them to purchase the Products.

PLAINTIFF'S CLASS ACTION
COMPLAINT

87. The material omissions and/or misrepresentations set forth herein were material to Plaintiff, and if Plaintiff had known that the products cause allergic reaction that would burn and redden her face, Plaintiff would not have bought it.

88. The utility of Defendant's conduct is significantly outweighed by the gravity of the harm they impose on Plaintiff and the Class. Defendant's acts and practices are oppressive, unscrupulous, or substantially injurious to consumers.

89. The above-described unfair, unlawful, and/or fraudulent business practices conducted by Defendant present a threat and likelihood of harm to members of the Class in that Defendant has systematically perpetrated and continue to perpetrate the unfair, unlawful, and/or fraudulent conduct upon members of the public by engaging in the conduct described herein.

90. Plaintiff and the Class have suffered harm as a proximate result of the wrongful conduct of the Defendant alleged herein, and therefore bring this claim for relief for restitution and disgorgement. Plaintiff is a person who has suffered injury in fact and has lost money and property as a result of such unfair competition.

91. Pursuant to Business and Professions Code §§ 17200 and 17203, Plaintiff, on behalf of himself and the Class, seeks an order of this Court: enjoining Defendant from continuing to engage in the deceptive practices contained herein. Plaintiff further requests an order awarding Plaintiff and the Class restitution and disgorgement of profits acquired by Defendant by means of such unfair, unlawful, and/or fraudulent acts and/or practices, so as to deter Defendant and to rectify

Defendant's unfair, unlawful, and/or fraudulent practices and to restore any and all monies to Plaintiff and the Class, which are still retained by Defendant, plus interest and attorneys' fees and costs pursuant to, *inter alia*, Code of Civil Procedure section 1021.5.

92.     As a direct and proximate result of Defendant's conduct, Plaintiff and the Class were damaged.

93.     This Court may award attorney's fees to Plaintiff and the Class. Defendant's conduct, as set forth above, is likely to deceive members of the public and is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

94.     To the extent that the conduct as set forth above is ongoing and continues to this date, Plaintiff, the Class members, and the general public are, therefore, entitled to the relief described herein.

95.     Defendant, through their deceptive trade practices as described herein, have obtained money from Plaintiff and members of the Class.  Plaintiff, in fact, has been injured by Defendant's conduct, as have members of the Class.

96.     Plaintiff, individually and as a member of the Class, has no adequate remedy at law for the future unlawful acts, methods, or practices as set forth above.

97.     As such, Plaintiff seeks injunctive relief to enjoin the practices described herein.

98.     In bringing this action, Plaintiff has engaged the services of attorneys

and has incurred reasonable legal expenses in an amount to be proved at trial.

99.   Samsung's acts, omissions, and practices constitute "unfair" practices because they are contrary to California's legislatively declared policy condemning deceptive advertising of goods and services. Samsung falsely represented that the Galaxy S7 phone is water resistant when it is not.

100.   The conduct of Samsung alleged herein also constitutes fraudulent business practices in violation of the UCL, Bus. & Prof. Code §17200, *et seq*., in that said conduct was likely to deceive reasonable consumers.

101.   In particular, Samsung's conduct is also fraudulent practice in that Samsung represents that the Galaxy S7 Phone is water resistant despite the fact that the phone's internal components are not water resistant.  Also, Samsung conceals that the gaskets and seals on the Galaxy S7 Phone's enclosure deteriorate with normal usage, rendering the phone's internal components susceptible to damage from water.

102.   Bus. & Prof. Code §17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such violative conduct. As a direct and proximate result of the conduct alleged herein acts, Plaintiff and the Class were injured and suffered the loss of money through making purchases that they would not have made, or they would have paid significantly less for them, in the absence of such conduct.

**THIRD CLAIM FOR RELIEF**

**(Violations of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §
17500, et seq.)
(By Plaintiff and the California Class)**

103.   Plaintiff incorporates and re-alleges all other paragraphs as if fully set forth herein.

104.   Plaintiff brings this Count on behalf of the California Subclass.

105.   Samsung, with the intent, directly or indirectly, to induce members of the public to purchase Samsung's goods, has made or caused to be made statements to the public in California that were untrue or misleading about the water resistance of the Galaxy S7 in violation of Bus. & Prof. Code §17500, *et seq.*

106.   Samsung represents in a nationwide advertising campaign that the S7 Phone is water resistant when it is not.

107.   Samsung is or should be aware through the exercise of reasonable diligence that its statements regarding the S7 Phone's water resistance are and were false and misleading.

108.   Plaintiff and other consumers were entitled to disclosure of these defects, as the risk of these dangers would be a material fact in a consumer's decision to purchase the Products and Defendant's disclosure is the only way consumers could have learned of these risks.

109.   As alleged in the preceding paragraphs, the misrepresentation and omission by Defendant of the material facts detailed above constitutes false advertising within the meaning of California Business & Professions Code § 17500.

110.　In addition, Defendant's use of various forms of advertising media to advertise, call attention to or give publicity to the sale of goods or merchandise that are not as represented constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code §§ 17200 and 17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business & Professions Code § 17500.

111.　As a direct and proximate result of Samsung's acts and omissions in violation of the FAL, Plaintiff and California Subclass members have been and continue to be harmed. Samsung's violations of the FAL caused Plaintiff and California Subclass members to suffer out-of-pocket losses. Plaintiff and California Subclass members would not have purchased S7 Phones, or would have paid significantly less for them, had Plaintiff and California Subclass members known that, contrary to Samsung's false advertising, the phones are vulnerable to damage from water.

Plaintiff brings this action under Business and Professions Code section 17535 to enjoin the violations described herein and to require Samsung to issue appropriate corrective disclosures. Plaintiff and California Subclass members thus seek: (a) an order requiring Samsung to cease its false advertising; (b) full restitution of all monies paid to Samsung as a result of its false advertising; (c) interest at the highest rate allowable by law; and (d) payment of Plaintiff's reasonable attorneys' fees and

costs under applicable law, including Federal Rule ofCivil Procedure 23 and California Code of Civil Procedure section 1021.5.

Wherefore Plaintiff prays for relief as set forth below.

### FOURTH CLAIM FOR RELIEF
### (Fraud)
### (On behalf of Plaintiff and the Classes)

112. Plaintiff re-alleges and incorporates by reference all paragraphs set forth above.

113. Samsung's conduct as alleged herein constituted representations of material fact.

114. Samsung's representations about that the Galaxy S7 phone was water resistant were false.

115. Samsung knew the representations were false.

116. Samsung intended for Plaintiff and the Class to rely on those representations.

117. Plaintiff and the Class did rely on those representations.

118. Plaintiff and the Class were directly and proximately harmed by suffering the loss of money through making purchases that they would not have made, or they would have paid significantly less for them, in the absence of such conduct.

119. Samsung's conduct as alleged herein constitutes oppression, fraud, and/or malice such that Samsung is liable for punitive damages.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of themselves and the members of the Proposed Classes, demand judgment as follows:

A.     For an order certifying the proposed class pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff and his counsel to represent the proposed class, appointing counsel for Plaintiff as lead counsel for the respective class;

B.     An order awarding declaratory relief and temporarily and permanently enjoining Defendant from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

C.     Appropriate injunctive relief;

D.     A declaration that Defendant is financially responsible for all Class notice and the administration of Class relief;

E.     That the Court enter judgment against Defendant for restitution, disgorgement, punitive damages, statutory damages, treble damages, and exemplary damages under applicable law, and compensatory damages for economic loss, diminished value, and out-of-pocket costs in an amount to be determined at trial.

F.     An order awarding any applicable statutory and civil penalties;

G.     An order requiring Defendant to pay both pre- and post-judgment interest on any amounts awarded;

H.     An award of costs, expenses, and attorneys' fees as permitted by law; and

I.     Such other or further relief as the Court may deem appropriate, just, and proper under the circumstances.

# **JURY DEMAND**

WHEREFORE, Plaintiff demands a trial by jury on all issues so triable as a matter of right.

PLAINTIFF'S CLASS ACTION
COMPLAINT

Dated: March 28, 2018     By:   /s/ Francis J. "Casey" Flynn, Jr.
                                 Francis J. "Casey" Flynn, Jr.
                                 LAW OFFICE OF FRANCIS J. FLYNN, JR.
                                 (*seeking admission pro hac vice*)
                                 CA State Bar No. 304712
                                 6220 W 3rd St # 415
                                 Los Angeles, CA 90036
                                 Telephone: 314-662-2836
                                 Email: francisflynn@gmail.com

                                 James Rosemergy
                                 Carey, Danis & Lowe
                                 8235 Forsyth Boulevard, Suite 1100
                                 Saint Louis, Missouri  63105-1643
                                 Tele: 314-725-7700
                                 Email: jrosemergy@careydanis.com

                                 **ATTORNEYS FOR PLAINTIFFS AND
                                 THE PROPOSED CLASSES**

                      **<u>CERTIFICATE OF SERVICE</u>**

     I HEREBY CERTIFY that on March 28, 2018, I electronically filed the

foregoing with the Clerk of the Court using the Court's CM/ECF system, which

will send a notice of electronic filing to all counsel of record.

                               /s/    Francis J. "Casey" Flynn, Jr.